Stephen J. Easter, Esq. County Attorney, St. Lawrence
In your December 10, 1984 letter requesting an opinion of the Attorney General, you related the following facts in relation to St. Lawrence County's participation in the Capital District Regional Off-Track Betting Corporation (Capital District OTBC). On July 9, 1984, the county's legislative body adopted a local law authorizing the county to participate in the Capital District OTBC. The local law was subject to referendum on petition. A petition was filed within the required time but it was found that the petition was insufficient by reason of invalid signatures. The local law took effect on November 12, 1984. The county's legislative body adopted a local law repealing the local law authorizing participation in the Capital District OTBC. You have stated that to the best of your knowledge, the Capital District OTBC has not submitted an amended feasibility study or plan of operation to the New York State Racing and Wagering Board for approval. Off-track betting is not operational in St. Lawrence County. You ask whether the county was authorized to enact a local law repealing its earlier action to participate in the Capital District OTBC. Your second question is whether the local law effecting the repeal is subject to referendum on petition.
A county in a region served by a regional off-track betting corporation may participate in the corporation by enacting enabling legislation (Racing, Pari-Mutuel Wagering and Breeding Law, § 502[4]). "Enabling legislation" is defined to mean a local law, ordinance or resolution subject to a permissive referendum in accordance with the Municipal Home Rule Law (id., § 501[11]). A county may not participate in an operational regional off-track betting corporation without approval by the Racing and Wagering Board (Board) of a modified feasibility study and amended plan of operation, which must be submitted by the regional off-track betting corporation to the Board (id., § 502[4]).
Generally, the feasibility study analyzes the market, costs, profitability and impact of off-track betting in the region (id., § 521[1]). Once the feasibility study is approved, the Board must review and approve a more specific plan of operation for the regional off-track betting corporation (id., § 521[2]).
It is your understanding that the Capital District OTBC has not submitted a modified feasibility study or amended plan of operation, reflecting your county's participation, to the Racing and Wagering Board. Thus, the Board has not approved the modified study or amended plan and off-track betting is not operational in St. Lawrence County. The law provides that "a county may not become a participating county [in a regional off-track betting corporation] without approval by the state board of a modified feasibility study and amended plan of operation" (id., § 502[4]). Thus, under the facts you have presented, at the time of the repeal St. Lawrence County was not a "participating county". It follows that the county could exercise its general authority to enact a local law repealing the July 9, 1984 local law (Municipal Home Rule Law, §10). The question whether a "participating" county may withdraw from a regional off-track betting corporation would present additional issues.*
In answer to your second question, in our opinion the repealing local law is not subject to referendum. It is well established in this State that a referendum may be held by a local government only in accordance with a specific delegation of authority by the Constitution or State law (Mills vSweeney, 219 N.Y. 213 [1916]; Matter of McCabe v Voorhis, 243 N.Y. 401
[1926]; 1981 Op Atty Gen [Inf] 154). While the Legislature has provided that enabling legislation authorizing participation in off-track betting is subject to a referendum on petition, this does not mean that a local law repealing the authorizing local law is likewise subject to referendum. Local laws relating to a number of matters are subject to either mandatory referendum or referendum on petition (Municipal Home Rule Law, §§ 23, 24). The Legislature has not provided that local laws effecting a repeal in these areas are subject to referendum. With respect to your local law repealing the authorization to participate in off-track betting, the general rule applies that a referendum may not be conducted without a specific delegation of authority by the Constitution or State law. Since there is no such authority, a referendum may not be conducted.
We conclude that St. Lawrence County is authorized to enact a local law repealing a local law authorizing its participation in the Capital District Regional Off-Track Betting Corporation. The local law is not subject to referendum.
* An operating regional off-track betting corporation continues until terminated by law (Racing, Pari-Mutuel Wagering and Breeding Law, §502[5]), provided, however, that no termination may take effect while the corporation has bonds, notes or other obligations outstanding (ibid.).
 "Upon termination of the existence of the corporation all of its rights, property, assets and funds shall thereupon vest in and be possessed by the participating counties in the same proportion such property, assets and funds may have been contributed by each county or according to the manner in which the revenues of the corporation are distributed pursuant to section five hundred sixteen of this article, or any combination of both such methods, as the state board shall determine."
Thus an established regional off-track betting corporation may be terminated only by an act of the State Legislature (id., § 502[5]). The law provides for division of the assets of such a corporation among the participating counties through a plan determined by the State Racing and Wagering Board (ibid.). We have found no provision dealing with the withdrawal of a participating county from a regional off-track betting corporation.